[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S POST JUDGMENT MOTION FOR MODIFICATION AND PLAINTIFF'S MOTION FOR COUNSEL FEES
A decree of dissolution of the parties' marriage was entered on August 12, 1994. At that time, an order was entered that the defendant pay support in the amount of $215 per week for the two minor children who were then eight and five years of age. In 1999, the order for support was modified in accordance with the agreement of the parties. The order at that time was $285 per week. At that time, the plaintiff was employed as a dental assistant earning a gross pay of $374 per week. The defendant was employed as a transportation coordinator by Central National Gottesman, Inc. earning a gross pay of $1096 per week. The defendant was laid off at Central National Gottesman on November 2, 2001. The defendant's employer and the defendant entered into an Agreement and General Release which provided for severance pay to the defendant in an amount equal to $53,700 representing 45 weeks of pay.
The defendant describes his position at Central National Gottesman as an international export coordinator. He claims that he was working for the most prominent firm in the business. As is reflected in defendant's exhibit 1 (the Agreement and General Release), his employer was reducing its staff in its traffic department. He claims that he was well known in the industry so that others knew he was out of work. He testified that he tried to find work for six or seven months. He claims he called other companies in this industry and was unable to find work. He claims, too, that there are no jobs available in his line of work. The defendant states he quit looking for a job in April of this year.
Other than his own testimony, the defendant produced no evidence of the current state of employment in the international shipping industry nor of his efforts to find employment. He is 48 years of age and has worked in this industry for 28 years.
In January 2002 the defendant filed Articles of Incorporation for a CT Page 15323-b business known as Sabatino's Home Chef Foods, LLC. He used his severance pay and his accrued lump sum pension benefit to purchase equipment and to start this business. He started the business in April of this year when he states he "officially gave up looking." He operates a food trailer serving breakfast and lunch on Route 8 in New Milford. He draws $500 per week. His wife also works with him and draws $500 per week. It is interesting that his draw and her draw is just slightly less than the $1096 per week in gross earnings in 1999 when the current order of $285 per week was entered.
The plaintiff continues to be employed as a dental assistant today. Her hours have been increased so that now she is earning a gross of $661 and a net of $511 per week. Even with the support at $285 per week her expenses exceed her income. She has faced cut off notices and difficulty in making her monthly mortgage payments. The expenses for her sons have continued to increase. The children are now seventeen and thirteen years of age. She testified that she lives from paycheck to paycheck. She has no savings and liabilities amounting to $9,000.
The defendant is clearly underemployed. From 1994 to 2001, he earned from $46,000 to $62,000 per year. In 1999 he was earning $57,000 per year. The court finds that this continues to be the defendant's earning capacity. The court finds that he has not made a sufficient effort to find comparable employment and that he has not exhausted all avenues for obtaining such employment. In 1999 the presumptive support order for the defendant was $215. The $285 figure comprised an amount of $70 as "child care contribution." The court finds that this contribution is no longer necessary. Based upon an earning capacity of $1096 per week for the defendant and the plaintiff's present earnings, the presumptive current support borne by the plaintiff is $140 per week and to be paid by the defendant is $200 per week.
The motion to reopen judgment and modify child support is granted. Child support based upon the defendant's earning capacity shall be $200 per week effective November 29, 2002. and
The court has for consideration plaintiff's motion for counsel fees. The motion itself moves for fees in the amount of $1500. The court finds an amount of $750 to be a fair and reasonable fee for plaintiff's defense of the defendant's motion. The court has considered the respective financial abilities of each of the parties and those indicia of §46b-82 of the General Statutes applicable to this proceeding, all in accordance with the provisions of § 46b-62 of the General Statutes. The court grants the plaintiff's motion and orders counsel fees in the amount of $500 to be paid by the defendant to plaintiff's counsel on or CT Page 15323-c before January 1, 2003. The balance of plaintiff counsel's fees shall be the plaintiff's obligation. Those attorney's fees incurred by the defendant shall be his obligation.
 EDGAR W. BASSICK, III JUDGE TRIAL REFEREE
CT Page 15324